IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERRY LOU RENWICK, )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 17-25
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 24 and 31). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 25 and 32). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 24) and granting Defendant's Motion for Summary Judgment. (ECF No. 31).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and widow's insurance benefits pursuant to the Social Security Act. Plaintiff filed her applications in November of 2010, alleging she had been disabled since July 2, 2008. (ECF No. 15-7, pp. 8, 27). Administrative Law Judge ("ALJ"), David J. Begley, held a video hearing on June 2, 2016. (ECF No. 15-3). On August 9, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 15-2, pp.

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

20-32).

Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. (ECF No. 15-2, p. 15). Plaintiff supplied additional evidence to the Appeals Council for the first time. (ECF No. 15-2, p. 6). On December 2, 2016, the Appeals Council denied Plaintiff's request for review. (ECF No. 15-2, pp. 2-7).

Thereafter, filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 24 and 31). The issues are now ripe for review.

## II. <u>LEGAL ANALYSIS</u>

### A. <u>Standard of Review</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental

2

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Post Decision Evidence

Plaintiff appears to argue that remand is warranted pursuant to Sentence Six of 42 U.S.C. §405(g) so that the decision can be reconsidered along with evidence first submitted to the Appeals Council. (ECF No. 25, pp. 5-6). If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C.

3

§405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

> As amended in 1980, §405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. *An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.* Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted)(emphasis added).

In this case, Plaintiff submitted to the Appeals Council, for the first time, several documents, Exhibits 29F-33F. (ECF No. 15-24, p. 69 through No. 15-27, p. 23). Additionally, Plaintiff filed exhibits, for the first time, with this court. (ECF Nos. 2 through 6, 9, 11, 12, 19 and 26 through 29). Some of the evidence submitted relates to a time period prior to the ALJ's decision of August 9, 2016. (ECF No. 15-24, pp. 69-76; No. 15-25, pp. 4-6). Plaintiff, however, fails to provide any argument as to why this evidence was not provided to the ALJ prior to the issuing of the decision. (ECF No. 25). Plaintiff was represented by counsel at the hearing and the ALJ agreed to hold the record open for two weeks so Plaintiff could submit additional records. (ECF No. 15-3, p. 35). Clearly, this information could have been obtained at or prior to the time of the ALJ's decision. (ECF No. 15-24, pp. 69-76; No. 15-25, pp. 4-6). Yet, for unknown

reasons, Plaintiff did not seek to obtain or submit these records prior to the ALJ's decision. *See,* ECF No. 25. Consequently, I find that Plaintiff has not shown good cause for her failure to submit the additional evidence to the ALJ. Additionally, I find the evidence is not new as these records were available to Plaintiff prior to the ALJ's opinion. *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (new evidence is that which did not exist or was not available to the claimant at the time). Thus, for these reasons, remand under Sentence Six is not warranted with regard to the documents that relate to a time period prior to the ALJ's decision. (ECF No. 15-24, pp. 69-76; No. 15-25, pp. 4-6).

The remaining evidence submitted to the Appeals Council and to this court relates to a time period after the ALJ's decision. (ECF No. 15-25, p. 7 through No. 15-27, p. 23; ECF Nos. 2 through 6, 9, 11, 12, 19 and 26 through 29). So, this evidence is new. However, "[a]n implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied…." *Szubak, supra, citing Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir. 1982). Simply because a document is about a plaintiff's physical/mental condition does not mean it relates to the time period for which benefits were denied. In this case, the evidence submitted to the Appeals Council and the court was dated after the ALJ's decision. (ECF No. 15-25, p. 7 through No. No. 15-27, p. 23; ECF Nos. 2 through 6, 9, 11, 12, 19 and 26 through 29). Plaintiff does not dispute that. (ECF No. 25). It does not relate back to the period before the ALJ's decision. Based on the same, I find that the evidence does not relate to the time period for which benefits were denied.

Moreover, in her brief, Plaintiff basically asserts that the evidence is that of a deterioration of her condition and/or a new impairment. (ECF No. 25. pp. 1-6). Thus, if anything, Plaintiff's proffered evidence is indicative of no more than a "later-acquired disability or ... the subsequent deterioration of the previously non-disabling condition." *Haywood v. Sullivan,* 888 F.2d 1463,

5

1471–1472 (5th Cir.1989) (quoting *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir.1985) (internal quotation marks omitted)); *Szubak,* 745 F.2d at 833.

Consequently, I find that the post-decision evidence is not material. (ECF No. 15-25, p. 7 through No. 15-27, p. 23; ECF Nos. 2 through 6, 9, 11, 12, 19 and 26 through 29). All three requirements must be satisfied to justify remand. Therefore, I find that the new evidence submitted for the first time to the Appeals Council and this court does not provide a basis for remand either. (ECF No. 15-25, p. 7 through No. No. 15-27, p. 23).

Thus, remand under Sentence Six is not warranted.

### C. <u>Weight of Opinion Evidence</u>

Plaintiff asserts the ALJ erred in failing to give proper weight to her treating physicians "and placing too much weight on the consultative examiners." (ECF No. 25, p. 6). (ECF No. 10, pp. 13-18). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give

6

that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

The entirety of Plaintiff's argument in support of her position that the ALJ erred in failing to give her treating physician "proper weight," Plaintiff argues that her impairments should have rendered her disabled. (ECF No. 25, pp. 6-7). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to

7

support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is completely misplaced. Consequently, I find Plaintiff's argument to be underdeveloped and insufficient to put the issue before me.[2]

An appropriate order shall follow.

---

[2]Plaintiff also seems to submit that the ALJ failed to give consideration to "any psychiatric or psychological impairments that Plaintiff may have." (ECF No. 25, p. 7). In support of the same, Plaintiff fails to cite to specific evidence in the record that the ALJ failed to consider other than to state that Plaintiff received anti-depressants from her PCP and other provider. *See,* ECF No. 25, pp. 7-8. In her applications, Plaintiff did not seek disability on the basis of any mental impairments. (ECF No. 15-8, pp. 7, 17). At the hearing, the ALJ questioned Plaintiff about her impairments. *See,* ECF No. 15-3. At no time did Plaintiff mention mental impairments such as depression. Plaintiff was represented by counsel at the hearing. (ECF No. 15-3, p. 2). At no time did Plaintiff's counsel raise the issue of mental impairments, nor did he ask any questions of Plaintiff or the vocational expert regarding mental impairments. (ECF No. 15-3). To the extent Plaintiff is asserting the mental impairments exist after the date of the ALJ's opinion, for the reasons set forth above the same cannot serve as a basis for remand. As a result, I find no error on the part of the ALJ for not considering any mental impairments.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERRY LOU RENWICK, )
)
        Plaintiff, )
)
 -vs- ) Civil Action No. 17-25
)
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 7th day of March, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 24) is denied and Defendant's Motion for Summary Judgment (ECF No. 31) is granted.

        BY THE COURT:

        s/ Donetta W. Ambrose
        Donetta W. Ambrose
        United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.